UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE,

    Plaintiff,                              Case No. 24-10890

v.                                         Honorable Nancy G. Edmunds

UNITED STATES DISTRICT COURT
JUDGES, *et al.*,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS, DISMISSING PLAINTIFF'S COMPLAINT, AND DENYING PLAINTIFF'S MOTIONS [3][6]

Plaintiff Darryl McGore brings a pro se complaint against the following named parties: United States District Court Judges, Judge Denise Hood, United States Supreme Court Justices, United States Congress, United States Department of Justice, and United States Court of Appeals Justices in Cincinnati, Ohio. (ECF No. 1.) Plaintiff has also filed a prisoner trust fund account statement (ECF No. 2) and two motions (ECF Nos. 3, 6). For the reasons below, the Court DISMISSES Plaintiff's complaint and DENIES his motions.

Federal law provides that "[t]he clerk of each district court shall require the parties instituting any civil action . . . to pay a filing fee." 28 U.S.C. § 1914(a). Under § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of that fee if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." Here, Plaintiff did not pay a filing fee or submit an application to proceed in forma pauperis ("IFP"), but he did file a prisoner trust fund account statement. The Court construes that statement as a request to proceed IFP.

1

Section 1915(g) precludes the filing of an in forma pauperis civil action by a prisoner who has had three or more prior civil actions dismissed for being frivolous or malicious or failing to state a claim upon which relief may be granted unless the prisoner is under "imminent danger of serious physical injury." *See Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller*, 966 F. Supp. 538, 539-40 (E.D. Mich. 1997). This provision is known as the "three-strikes" rule and may be raised by the Court sua sponte. *See Witzke*, 966 F. Supp. at 539-40.

Plaintiff has had more than three prior lawsuits dismissed for being frivolous. *See, e.g.*, *McGore v. Michigan Supreme Court Judges*, No. 1:94:CV:517, 1995 U.S. Dist. LEXIS 22242, at *3 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 2:93-cv-137, 1993 U.S. Dist. LEXIS 21363, at *2 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-CV-112, 1993 U.S. Dist. LEXIS 21388, at *1 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-CV-77, 1993 U.S. Dist. LEXIS 21362, at *1 (W.D. Mich. April 30, 1993). In fact, Plaintiff has been denied leave to proceed in forma pauperis due to those dismissals numerous times. *See McGore v. United States Supreme Court Justices*, No. 2:19-cv-244, 2019 U.S. Dist. LEXIS 214825, at *4 (W.D. Mich. Dec. 13, 2019) (stating that "Plaintiff previously has been denied leave to proceed *in forma pauperis* on more than 50 occasions for having three strikes"). And Plaintiff has not alleged any facts that would establish that he is in imminent danger of serious physical injury.[1] Therefore, under

---

[1] Plaintiff's filings are not entirely legible, but it appears that he is attempting to challenge 1976 state court charges. Plaintiff has made similar unsuccessful attempts in the past. *See McGore*, 2019 U.S. Dist. LEXIS 214825, at *4 (noting that "Plaintiff once again attempts to challenge his 1976 arrest and 1977 convictions and life sentences for armed robbery and first-degree criminal sexual conduct[;] this time by seeking declaratory relief and damages from the Justices of the United States Supreme Court").

§ 1915(g), Plaintiff is not entitled to proceed in forma pauperis. Accordingly, Plaintiff's complaint is DISMISSED without prejudice and his motions (ECF Nos. 3, 6) are DENIED as moot.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 30, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2024, by electronic and/or ordinary mail.

s/A. Chubb for Johnetta Curry-Williams
Case Manager